

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR -1  AM 10: 52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 00-340 |
| v. | * | SECTION: "S" |
| DWAYNE PORTER | * | |
| * * * | | |

### RULE TO REVOKE SUPERVISED RELEASE

NOW INTO COURT comes the United States of America, through undersigned Assistant United States Attorney, and respectfully represents:

Defendant, **DWAYNE PORTER**, pled guilty in this matter on November 15, 2000, for a violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2). **PORTER** received an eighteen (18) month sentence along with three (3) years supervised release. (A copy of the Judgment and Probation/Commitment Order is attached as Exhibit 1.)

The terms and conditions of **PORTERS'** supervised release is set forth in the Judgment as well as in the Petition for Warrant or Summons for Offender Under Supervision filed on February 15, 2005. (Attached as Exhibit 2.)

**PORTER** violated the terms and conditions of his supervised release in the manner set forth in Exhibits 1 and 2.

___Fee_____
___Process____
_X_ Dktd_____
___CtRmDep___
Doc.No._____

WHEREFORE, the government prays that **PORTER** be brought before this Court and a copy of this Rule be served upon him, and that he be ordered to show cause before this Court why supervised release should not be revoked for his failure to abide by the terms of said supervised release.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
DUANE A. EVANS
Assistant United States Attorney
La. Bar Roll No.  24086
Hale Boggs Federal Building
500 Poydras Street, Second Floor
New Orleans, Louisiana  70130
Tel:  (504) 680-3069

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the Federal Public Defender's Office, counsel for defendant, by hand delivery, this 1st day of March, 2005.

_____
Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED FEB 8 2001
LORETTA G. WHYTE
CLERK

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VS. __DWAYNE PORTER__          __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__          __00-340 "S"__
                                 (SOC.SEC. NO.)          (CASE NO./SEC.)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government,    Month     Day     Year
the defendant appeared in person on this date --------( February   7     2001  )

|  | However the court advised defendant of right to counsel and asked |
|---|---|
| __WITHOUT COUNSEL | whether defendant desired to have counsel appointed by the court |
|  | and the defendant thereupon waived assistance of counsel. |
| X WITH COUNSEL | Virginia Schlueter |

Court Recorder's Name: Betty Ferrier; U.S. Probation Officer: Marilyn E. Sewell

**PLEA:** X **GUILTY,** and the court being satisfied    __NOLO CONTENDERE    __NOT GUILTY
that there is a factual basis for the plea.
There being a finding
( X **GUILTY** on November 15, 2000.

Defendant has been convicted as charged of the offense(s) of 18 USC 922(g)(1) and 18 USC 924(a)(2)
INDICTMENT FOR VIOLATION OF THE FEDERAL GUN CONTROL ACT (Counts 1 and 2)

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 18 months as to Counts 1 and 2, to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of terms of three years on each of Counts 1 and 2, all such terms to run concurrently. Within 72 hours of release from the custody of the Bureau of Prisons the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court and shall not possess a firearm. In addition, the following special conditions are imposed: 1) The defendant shall provide the probation officer with access to any requested financial information; 2) The defendant shall participate in an orientation and life skills program as directed by the probation officer; 3) The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer. The Court finds that the defendant does not have the ability to pay a fine and thus waives the fine in this case.

**IT IS FURTHER ORDERED** that the defendant shall pay to the United States a special assessment in the total amount of $200.00 as to Count(s) 1 and 2

**IT IS FURTHER ORDERED** that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of probation imposed above, **IT IS HEREBY ORDERED** that the general conditions of probation/supervised release set out on the reverse side be imposed.

**IT IS FURTHER ORDERED:**
[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.
[ ] The court has determined that the defendant does not have the ability to pay interest. The interest requirement is (waived) (modified as follows):

SIGNED BY:                                              CERTIFIED AS A TRUE COPY
X    U.S. District Judge _[signature]_                  ON THIS DATE __2-8-01__
                     (Date) __2/7/01__                  BY: _[signature]_
                                                             Deputy Clerk

DATE OF ENTRY
FEB 0 8 2001

GOVERNMENT
EXHIBIT
1

Prob 12C (7/93)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

**PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

U.S. FILED
EASTERN DISTRICT COURT
DISTRICT OF LA.
2005 FEB 15 PM 12:08
LORETTA G. WHYTE
CLERK

**Name of Offender:** DWAYNE PORTER  **Case Number:** 053L 2:00CR00340-001S

**Name of Sentencing Judicial Officer:** Honorable Mary Ann Vial Lemmon

**Offense:** 18 U.S.C. 922(g)(1) and 18 U.S.C. 924(a)(2) - Violation of the Federal Gun Control Act (Counts 1 and 2)

**Date of Sentence:** February 07, 2001

**Sentence:** 18 months custody of the Bureau of Prisons as to Counts 1 and 2 concurrent, to be followed by a three year term of supervised release. A $200.00 special assessment was also ordered.

**Special Conditions:**

1. Financial disclosure
2. Orientation and life skills
3. Drug testing/treatment

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** February 22, 2002
**Assistant U.S. Attorney:** Duane Evans   **Defense Attorney:** Virginia Schleuter

---

### PETITIONING THE COURT

[ ] To issue a warrant                    [ X ] To issue a summons

For the appearance of Dwayne Porter before Magistrate Judge Louis Moore, Jr., on February 25, 2005, at 10:00 A.M. for an Initial Appearance Hearing and before this court on March 30, 2005, at 2:00 P.M. to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| Mandatory Condition: | On January 17, 2005, Porter was arrested by members of the New Orleans Police Department and charged with domestic violence. Porter's next scheduled court date in this matter is set for May 4, 2005, in Orleans Parish Municipal Court under docket number 952-975. |

**CUSTODIAL STATUS:**

None.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 14, 2005

GOVERNMENT EXHIBIT 2

DATE OF ENTRY
FEB 17 2005

___ Fee
___ Process
 X  Dktd
___ CtRmDep
___ Doc. No.

_____
Michael E. Fulham
U.S. Probation Officer

REVIEWED BY:

_____
Matthew G. Arsenaux
Supervising U. S. Probation Officer

---

**THE COURT ORDERS**

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

_____
Signature of Judicial Officer

2/15/05
Date

Address of Offender:   644 N. Miro
                       New Orleans, LA 70119

THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING ONLY:
   Original          - Clerk's Office
   1 Copy Certified  - U.S. Attorney
   1 Copy Certified  - U.S. Marshal's Office
   2 Copies Certified - U.S. Probation Office

**NOTICE TO THE AUSA:** DO NOT PREPARE THE RULE UNTIL AFTER THE OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING



JILL N. BENOIT
CHIEF PROBATION OFFICER

RECEIVED
FEB 1 5 2005
U.S. DISTRICT JUDGE
MARY ANN VIAL LEMMON

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF LOUISIANA
PROBATION OFFICE

500 POYDRAS STREET, ROOM B-505
NEW ORLEANS, LOUISIANA 70130
(504)589-3200
Fax 504/589-3286

February 14, 2005

Honorable Mary Ann Vial Lemmon
United States District Judge
500 Poydras Street, Room C-406
New Orleans, Louisiana 70130

                              RE:  PORTER, Dwayne
                              Dkt. No: 0531 2:00CR00340-001S
                              **REQUEST FOR SUMMONS**

Dear Judge Lemmon:

On February 7, 2001, Dwayne Porter appeared before Your Honor for sentencing following his plea of guilty to two counts of Violation of the Federal Gun Control Act. He was sentenced to serve 18 months in the custody of the Bureau of Prisons as to Counts 1 and 2, to be served concurrently, to be followed by a three year term of supervised release, as to each count, concurrent. A $200.00 special assessment was also imposed. As special conditions of supervision, Porter was ordered by abide by the financial disclosure condition, participate in an orientation and life skills program, and participate in drug testing/treatment.

Porter's supervision commenced on February 22, 2002, in the Eastern District of Louisiana. On January 31, 2005, Your Honor was notified that Porter had violated the conditions of his supervision as evidenced by his January 17, 2005, arrest by members of the New Orleans Police Department for the charge of domestic violence. This officer initially recommended that no court action be taken at that time, and that Porter's supervision to be allowed to expire as scheduled on February 21, 2005. However, on February 2, 2005, Your Honor requested that a warrant or summons be issued for Dwayne Porter.

Accordingly, Probation Form 12C is attached for Your Honor's signature, should Your Honor concur in this matter. It is this writer's intention to recommend a $5,000 unsecured bond when Porter appears before the U. S. Magistrate Judge for his initial appearance hearing.

Should Your Honor have any questions concerning this matter, please contact this officer at 589-3239.

RE: PORTER, Dwayne
Page Two

                                        Respectfully,

                                        *Michael E. Fulham*
                                        Michael E. Fulham
                                        U. S. Probation Officer

MEF/tah

Attachment

**REVIEWED BY:**   *Matthew Arseneaux*
                   Matthew G. Arseneaux
                   Supervising U.S. Probation Officer